UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO SANTIAGO )<br>  Petitioner, )<br> )<br>   v. )<br> )<br>UNITED STATES OF AMERICA )<br>  Respondent. ) | C.A. No. 05-CV-11173 NG |

GOVERNMENT'S OPPOSITION TO
PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

The United States of America hereby files this opposition to the petition of Antonio Santiago ("Santiago") pursuant to 28 U.S.C. § 2255. For the reasons stated below, Santiago's petition should be summarily denied because Santiago's conviction was final prior to the filing of his petition pursuant to § 2255, and because the United States Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005) is not retroactive. See Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir.2005); United States v. Fraser, 407 F.3d 9,11 (1st Cir.2005).

On August 24, 2000, Santiago was indicted for conspiracy to distribute heroin and three substantive heroin distribution charges. United States v. Flores, 230 F.Supp.2d 138 (D.Mass. 2002). On June 4, 2001, Santiago pled guilty and "admitt[ed] to the distribution of 1 kilogram as part of the conspiracy," resulting in a base offense level of 32. Id. at 150. The Court found that Santiago's sentence should be adjusted upward because of his "supervisory rol[e] in the drug distribution business."

1

Id.  The Court sentenced Santiago to 135 months in prison (within the sentencing range of the original offense level of 32).

Santiago was sentenced on June 27, 2002.  Santiago did not file a direct appeal and his conviction became final on July 7, 2002.  On June 6, 2005, approximately three years after his conviction became final, Santiago filed this collateral attack on his sentence based on retroactive application of United States v. Booker, 125 S.Ct. 738 (2005).

The First Circuit has squarely held that Booker is not retroactive.  United States v. Fraser, 407 F.3d 9,11 (1st Cir. 2005) ("petitions under 28 U.S.C. §2255 are unavailable to advance Booker claims in the absence of a Supreme Court decision rendering Booker retroactive"); Cirilo-Munoz v. United States, 404 F.3d 527, 533 (1st Cir. 2005) ("Booker itself did not give any clear hint that retroactive effect is intended" and "[e]very other circuit that has considered this issue has agreed that Booker does not apply retroactively").  The First Circuit's view is in accord with other circuits that have addressed the issue. See, e.g., Varela v. United States, 400 F.3d 864, 866-868 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 860-863 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 480-481 (7th Cir. 2005); United States v. Mitchell, 122 Fed.Appx. 539, 540 (2d Cir. 2005) (unpublished); United States v. Leonard,

120 Fed.Appx. 759, 761 (10th Cir. 2005)(unpublished).[1]

## CONCLUSION

For the foregoing reasons, Santiago's petition should be summarily denied because Santiago's conviction was final prior to the filing of his petition pursuant to § 2255, and because the United States Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005) is not retroactive.

                    Very truly yours,

                    MICHAEL J. SULLIVAN
                    United States Attorney

By:   s/ PETER K. LEVITT
       PETER K. LEVITT
       Assistant U.S. Attorney

---

[1] See also Medina v. United States, 2005 WL 1223411, at *2 (D.Mass. May 23, 2005) (O'Toole, J.) (noting that neither Booker nor Blakely "has been given retroactive application by the Supreme Court"); Mounts v. United States, 2005 WL 1364037, at *1 (D.Me. Jun. 8, 2005) ("in the context of a timely §2255 motion, . . . Booker should not be applied retroactively"); May v. United States, No. Civ. 04-210PH, 2005 WL 839101, at *1 (D.Me. Apr. 8, 2005); Santana v. United States, 2005 WL 1397413, at *7 (D.P.R. Jun. 8, 2005) ("[l]ike Blakely, Booker is not retroactive").

3

CERTIFICATE OF SERVICE

This is to certify that I have this 15th day of July, 2005, served by mail upon the person listed below a copy of the foregoing document:

Antonio Santiago; Reg. No. 22976-038
Federal Correctional Institution
P.O. Box 7000/West
Fort Dix, N.J.  08640


S/ PETER K. LEVITT
PETER K. LEVITT
ASSISTANT UNITED STATES ATTORNEY