UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
ANTONIO SANTIAGO,              *
              Petitioner,      *
                               *        C.A. No. 05-CV-11173 NG
v.                             *
                               *
UNITED STATES OF AMERICA,      *
              Respondent,      *
                               *
_____
```

**PETITIONER'S TRAVERSE TO GOVERNMENT'S RESPONSE
TO PETITIONER'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
<u>PURSUANT TO 28 U.S.C. § 2255.</u>**

COMES NOW, Antonio Santiago, hereinafter the Petitioner and respectfully moves this Honorable Court in response to government's Opposition Petition served by mail on the 15th day of July, 2005. Petitioner stands by the claims raised in his pleading and offers the following in support thereof which contradicts and refutes the government's position:

The U.S. Government in their response styled as **"<u>GOVERN-MENT OPPOSITION TO PETITIONER'S MOTION UNDER 28 U.S.C. § 2255</u>"** in opposing the claims that Petitioner presented in his Memorandum of Law, raised the sole issue of non-retroactivity of

the rule that Petitioner claim relies on in support of dismissing Petitioner claims. The Government primarily relies on a couple of cases decided this year by the First Circuit Court of Appeals to substantiate their claims. See **Cirilo-Munoz v. U.S.** 404 F.3rd 527 (1st Cir. 2005); **U.S. v. Fraser** 407 F.3rd 9 (1st Cir. 2005), the government reliance on those case are misplaced for the following reasons[1].

In **Fraser** I.d., the defendant failed to timely request for a panel rehearing or rehearing en banc concerning a request to supplement in light of **Booker** and his petition was construed as a "MOTION TO RECALL MANDATE." The Appellant Court held "that the defendant's petition did not present the extra ordinary circumstances necessary to warrant Recall of Mandate." The defendant did not raise the proposition that **Blakely/Booker** deserved retroactive application nor did he raise any arguments in support thereof. The Government reliance in this case is not proper to foreclose consideration or the relief that Petitioner seeks. Petitioner in his petition specifically sought

---

[1] Although the government cites other cases in support of their position, such hold no significant value for they are decisions in other circuits which hold no precedential value within this courts jurisdiction and those cited that pertain to this jurisdictional are unpublished decisions which likewise hold no precedential value.

the application of **Apprendi** and its progeny specifically **Blakely/Booker** respectfully based on the contention that the mandates in **Blakely/Booker** were dictated by existing precedent (**Apprendi**) at the time Petitioner's conviction became final. In the alternative Petitioner argued that the Sixth Amendment Right to a trial by jury is a right that stems back to the Bill of Rights. It is a bedrock principle, implicit to the concept of ordered liberty that without such, would seriously question the integrity of the judicial procedure.

In **Cirilo-Munoz Id.**, the defendant "conviction became final in 1998." Therefore it was clear that it would had been futile for the defendant in **Cirilo-Munoz** to take the position that **Blakely/Booker** was dictated by **Apprendi** because his conviction preceded **Apprendi** and such position would have no benefit to him. See, **Cirilo-Munoz** at 532, note 6 "Cirilo's conviction became final in 1998, when certiorari as to the direct appeal was denied. Cirilo-Munoz v. United States, 525 U.S. 942, 119 S.Ct. 363, 142 L.Ed.2d 300 (1998). Because finality preceded even Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Booker certainly announced a "new rule" t which the described retroactivity doctrine applies. See Beard v. Banks, --- U.S. ---, 124 S.Ct. 2504, 2511, 159 L.Ed.2d 494 (2004). The Petitioner remains by the arguments raised in his

Memorandum of Law. The government cites cases that hold no true bearing on the merits of the claims presented in this matter for the procedural history and claims in the cited cases are distinctive in their unique ways which compels this Court to Scrutinize the instant matter.

## CONCLUSION

Petitioner has, in his Motion to vacate sentence, adequately and sufficiently met, refuted, contradicted and confuted, all the points, contentions, allegations, and issues raised and presented in the governments response to Petitioner's motion to vacate his sentence; and it would be utterly prolix and redundant for Petitioner to recount those same arguments here again in his reply.

WHEREFORE, premise considered, Petitioner prays:

1. That this Court Vacate Sentence imposed herein.

Respectfully Submitted,

Dated: 8-9 , 2005

*Antonio Santiago*
Antonio Santiago

IN THE UNITED STATES DISTRICT COURT
FOR THE              DISTRICT OF

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Respondent,<br><br>    vs.<br><br>ANTONIO SANTIAGO<br>    Petitioner, | CRIMINAL NUMBER:<br>C.A. No. 05-CV-22273 NG |

### PRO SE CERTIFICATE OF SERVICE

I, Antonio Santiago       , Petitioner herein, do hereby certify that an original and two copies of the foregoing filing has been furnished upon the Office of Clerk for the United States District of Massachusetts    :

OFFICE OF THE CLERK
U.S. DEPARTMENT OF JUSTICE
UNITED STATES DISTRICT COURT
    DISTRICT OF Massachusetts

1 Courthouse Way
Boston, MA 02210

And a true and correct copy has been furnished upon the Office of the United States Attorney for the       District of Massachusetts     :

ASSISTANT UNITED STATES ATTORNEY
    UNITED STATES ATTORNEY
    DEPARTMENT OF JUSTICE
        DISTRICT OF Massachusetts
1 Courthouse Way Suite 9200
Boston, MA 02210

I declare under penalty of perjury that the foregoing is true and correct. Executed on this day  9th   of August , 19__
                                                            2005

_Antonio Santiago_